IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDRE WINGO | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-10-CV-0764-O |
| | § | |
| KAUFMAN COUNTY, TEXAS, | § | |
| ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Andre Wingo, a former detainee, against Kaufman County, Texas and Texas DPS Officer Christopher Countryman. On April 15, 2010, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*.[1] Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the

---

[1] The court notes that plaintiff has filed three or more civil actions while incarcerated that were dismissed as frivolous or for failure to state a claim. *See Wingo v. Countryman*, No. 3-09-CV-2311-K, 2010 WL 637898 at *1-2 (N.D. Tex. Feb. 22, 2010). Under the "three strikes" provision of the Prison Litigation Reform Act, plaintiff is barred from proceeding *in forma pauperis* while incarcerated or detained in any facility unless he is "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). Because plaintiff was not incarcerated at the time he filed this action, the "three strikes" provision does not apply.

interrogatories on April 29, 2010. The court now determines that plaintiff should be permitted to prosecute his civil rights claims against Officer Countryman. His other claims should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

On October 20, 2009, plaintiff was traveling east on IH-20 in Kaufman County, Texas, when he was stopped by Texas DPS Officer Christopher Countryman. The officer approached plaintiff's vehicle and asked him for identification. When plaintiff took out his wallet to retrieve his driver's license, the officer allegedly grabbed the wallet from plaintiff and seized his social security card. Plaintiff was arrested for forgery and unauthorized use of a motor vehicle. After spending six weeks in jail, the criminal charges were dismissed. Plaintiff now sues Kaufman County and Officer Countryman for illegal search and seizure, false arrest, and other civil rights violations under 42 U.S.C. § 1983.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom.*, *Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The court initially observes that plaintiff has failed to allege any facts establishing liability on the part of Kaufman County. In order to state a claim against this defendant, plaintiff must identify an official policy, custom, or practice giving rise to a constitutional violation. *See Monell v. Department of Social Services of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978). This may include persistent or widespread practices which, although not officially authorized, are "so common and well settled as to constitute a custom that fairly represents municipal policy." *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995), *quoting Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984). When asked if any of his claims were based on an official policy or custom of the County, plaintiff responded, "No." (*See* Mag. J. Interrog. #6). This admission negates any basis for municipal liability under section 1983.

C.

The court reaches a different conclusion with respect to plaintiff's claims against Officer Countryman. In his complaint and interrogatory answers, plaintiff alleges that the officer searched

his wallet and arrested him without probable cause. The criminal charges were dismissed when the district attorney declined to prosecute. *(See* Mag. J. Interrog. #1(g), 2). Without suggesting a view of whether dismissal may be appropriate in another procedural context, such as a motion for summary judgment, the court determines that plaintiff has alleged sufficient facts to survive summary dismissal of his claims against Officer Countryman.

## **RECOMMENDATION**

Plaintiff should be permitted to prosecute his civil rights claims against Officer Christopher Countryman. His claims against Kaufman County, Texas should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 4, 2010.

                                                JEFF KAPLAN
                                                UNITED STATES MAGISTRATE JUDGE